No. 40,045

CHESTER K. STOLP, *Appellant,* v. THE CITY OF ARKANSAS CITY, and THE AETNA CASUALTY AND SURETY COMPANY, *Appellees.*

(310 P. 2d 888)

Opinion on rehearing filed May 11, 1957. (For original opinion, see *Stolp v. City of Arkansas City,* 180 Kan. 197, 303 P. 2d 123.)

*Harry O. Janicke,* of Winfield, and *George W. Stanley,* of Arkansas City, argued the cause, and *John A. Herlocker,* and *Warren D. Andreas,* both of Winfield, were with them on the brief for the appellant.

*Kirke W. Dale,* of Arkansas City, argued the cause, and *Donald Hickman,* of Arkansas City, was with him on the brief for the appellees.

The opinion of the court was delivered by

ROBB, J.: The original opinion reversed the trial court's order which sustained the demurrer of the appellee city to the petition of appellant. This opinion on rehearing concerns only the cause of Chester K. Stolp against the city of Arkansas City.

The original opinion set out all the elements involved in the operation of the hospital in question which were covered by the

allegations of the petition, as well as the controlling statute (G. S. 1949, 14-647). In view thereof, we previously held that the city was acting in the exercise of a private or proprietary function in the same manner as does a municipality when it owns and operates a water, electric, or natural gas plant. Since the operation of the hospital, as such, was a proprietary function, the city was not clothed with any governmental immunity but instead it was liable in tort the same as any privately-owned general hospital would be with which it may compete. There was no controversy between the parties but that a city would be liable for torts if its employees were negligent in operating a municipally-owned utility as above enumerated.

The only question before the court was whether the demurrer of the city to appellant's petition were properly sustained by the trial court. We thought it was not. This conclusion was based on the original opinion in its entirety and not upon any isolated statement made therein. We did not and we do not now have any intention of limiting governmental immunity of the state, or any arm thereof. We determined only that the operation of the Arkansas City hospital was a proprietary function, as separate and distinct from a governmental function, and we are still of the same opinion. Therefore, we adhere to the original syllabus and opinion of the court.

PRICE and FATZER, JJ., dissent.